UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KARL BARNA,

                        Plaintiff,

        v.                                    DECISION AND ORDER
                                                           07-CV-622A

UNITED STATES OF AMERICA,
                        Defendant.
_____

        Plaintiff Karl Barna filed an action against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), alleging that he was injured after falling on a snow-and-ice-covered sidewalk at the Iroquois Job Corps Center ("Center") in Medina, New York.

        The United States moved to dismiss the action under Fed. R. Civ. P. 12(b)(1) asserting that this Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity with regard to this action.[1]  The government admits that it owns the property at issue, but asserts that an independent contractor is responsible for maintenance of the property and therefore the government is not subject to suit under the FTCA.

---

[1] A motion to dismiss for lack of subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1).

1

Plaintiff opposes the motion to dismiss and requests an opportunity to conduct discovery on the issue of whether the United States had any role in maintaining the property at issue.

## DISCUSSION

The United States, as a sovereign, is immune from suit unless it has consented to be sued.  See United States v. Mitchell, 445 U.S. 535, 538 (1980).  Where the United States has retained sovereign immunity, the court has no subject matter jurisdiction over the claim.  United States v. Sherwood, 312 U.S. 584, 586-87 (1941); Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The FTCA represents a limited waiver of the United States' immunity. Because the FTCA contains a limited waiver, it is strictly construed in favor of the government.  Akutowicz v. United States, 859 F.2d 1122, 1125 (2d Cir. 1988). Moreover, in an FTCA action, "plaintiff has the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists."  Lunney, 319 F.3d at 554.

The FTCA allows plaintiffs to sue the United States for damages "for injury or loss of property, or personal injury or death" caused by negligent acts or omissions of government employees acting within their scope of employment at the time the act or omission occurred if the United States would be liable as a private person to claimant under the law of the "place where the act or omission occurred."  See 28 U.S.C. § 1346(b)(1).  Thus, the FTCA contains a limited waiver of sovereign immunity for actions

alleging negligent and wrongful actions caused by government employees. <u>See</u> <u>Moreno v. United States</u>, 965 F. Supp. 521, 524 (S.D.N.Y. 1997). The FTCA also makes clear that independent contractors are not considered federal employees within the meaning of the FTCA. <u>See</u> 28 U.S.C. § 2671; <u>see also</u> <u>Roditis v. United States</u>, 122 F.3d 108, 111 (2d Cir. 1997) ("[A]s a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors."). Therefore, the jurisdictional issue in this case turns on whether the plaintiff's injuries were caused by the negligence of a federal employee or an independent contractor.

Whether an entity is a federal employee or an independent contractor is a question of federal law. <u>See</u> <u>Leone v. United States</u>, 910 F.2d 46, 49 (2d Cir. 1990); <u>Moreno</u>, 965 F. Supp. at 524. Courts look to the terms of the contract between the federal agency and the contractor to determine whether the government maintained control over the detailed physical performance of the contractor or supervised its day-to-day operations. <u>See</u> <u>Roditis</u>, 122 F.3d at 111; <u>Moreno</u>, 965 F. Supp at 524 ("[T]here are two primary factors that distinguish an agent from an independent contractor: (1) the power of the Federal Government to control the detailed physical performance of the contractor, and (2) whether the Government supervises the day-to-day operations of the contractor.") (internal quotations and citations omitted).

Plaintiff was employed as a teacher for the Iroquois Job Corp. He alleges that in February 2005, he slipped and fell on a snow-and-ice-covered walkway at the Center. He further alleges that his injury was due to the negligence of the United States and its employees and agents who failed to maintain the sidewalk at issue.

The government responds asserting that it contracted with Education and Training Resources ("ETR") to operate and maintain the Center.  Under the terms of that contract, ETR was responsible for the day-to-day operations of the Center.  See Decl. of Robert F. Sweeney, Dkt. 6, at ¶ 5.  This included the recruitment, hiring, retention and supervision of the maintenance staff.  Id.  Under the express terms of the contract, ETR was charged with: (1) providing material, services and all necessary personnel to operate the Center; (2) conducting program operations in a setting "that is clean, well-maintained and safe;" and (3) establishing and maintaining a system for facilities maintenance in order to provide a clean safe environment for students.  Id. at ¶ 6 (citing Ex. A, Iroquois Job Corps Center Contract with ETR ("Contract"), at 6, 17).  Additionally, under the Job Corps Policy and Requirements Handbook (which is specifically incorporated into the Contract by reference), ETR was charged with ensuring that "Center buildings, grounds, roads, sidewalks , and equipment are clean, well-maintained, and free of hazards."  See id. at Ex. B.

It is clear that ETR, and not the United States, was responsible for the day-to-day maintenance of the Center, including maintenance of sidewalks and roadways.  The United States did not retain the authority to manage the details and physical performance of the contract.  The United States *did* retain the right to *inspect* the contractor's performance to ensure compliance with the scope of work, see Contract, at 22, however, "the government's retention of a right to inspect the progress of construction, does not convert a contractor into a federal employee."  Roditis, 122

F.3d at 111; see also Flanagan v. United States, 430 F. Supp. 2d 106, 113 (W.D.N.Y. 2006). Accordingly, the Court finds that ETR was an independent contractor.

Because the property at issue was maintained by the independent contractor (ETR) and its employees, and not by an employee of the United States, this Court lacks jurisdiction over the claim.

## **CONCLUSION**

For the reasons stated, the government's motion to dismiss for lack of subject matter jurisdiction is granted. The Clerk of the Court shall take all steps necessary to close the case.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: JULY 2, 2008